ALPHONS CUSTODIS CHIMNEY CONST. CO. v. H. R. HEINICKE, Inc.

(Circuit Court, S. D. New York. January 29, 1906.)

PATENTS—INVENTION—CHIMNEY.

> The Custodis patent, No. 512,504, for a chimney composed of an outer wall having a number of inwardly projecting steps and of a sectional inner wall which is supported upon said steps, is void for anticipation, and also for lack of patentable invention in view of the prior art.

In Equity. Suit to enjoin alleged infringement of United States letters patent No. 512,504, dated January 9, 1894, to Alphons Custodis, of Dusseldorf, Germany, for chimney.

See 135 Fed. 552.

A Parker Smith, for complainant.
Louis C. Raegener and S. L. Moody, for defendant.

RAY, District Judge. The defendant alleges the patent is void for want of patentable invention and anticipation, but concedes infringement, if valid.

The patent in suit has one claim, viz.:

> "A chimney composed of an outer wall having a number of inwardly projecting steps and of a sectional inner wall, which is supported upon said steps, substantially as specified."

The specifications read:

> "This invention relates to an improvement in chimneys and more particularly to the construction of the outer and inner walls, whereby the outer wall is provided with a number of steps to support a sectional inner wall. Heretofore the inner wall of a chimney was made continuous and upon expansion of any one of its parts, the entire wall would frequently be thrown out of line and had to be replaced. To remedy this defect is the object of my invention. The accompanying drawing represents an elevation partly in section of my improved chimney. The letter a represents the outer wall of the chimney, which is provided at suitable intervals, with the inwardly projecting steps, a'. The inner wall is formed of a series of separate sections, b, which are built up and supported upon the several steps, a', as shown. In this way the inner wall is subdivided into a number of independent sections any one of which can be repaired or replaced without affecting the other sections."

The material of which the chimney is to be constructed is not mentioned. It may be made of stone blocks, of brick, of concrete, of iron or steel sections or blocks, or of any suitable material. The outer wall is provided at suitable intervals, it may be at intervals of 2 feet or of 20 feet, with inwardly projecting steps. These steps may be of the same material as the wall or of a different material. They may be of stone, or of brick, projecting from the wall proper, or of some material such as iron or steel built into and projecting therefrom. They must be of sufficient strength to support the inner section of wall resting thereon. The inner wall or lining of the chimney is constructed in sections; each section resting on one of these steps or ledges or projections which supports it. It is assumed that each ledge, or step, or projection, is of sufficient strength to support the section of lining wall built thereon, and hence any section of this inner wall may be taken out and replaced in whole or in part. These

sections of inner wall are constructed independently of the main wall, and hence may be removed or repaired without disturbing the main or outer wall. Nothing is said either in the claim or specifications of an air space, or space between the outer wall and the inner wall; but, on the argument, the complainant contends that such a space must be read into the claim as an element because of the words "substantially as specified." But no such space or element is "specified" in the specifications or there referred to except by the words: "The accompanying drawing represents an elevation, partly in section, of my improved chimney." The drawing shows a space between the outer and inner wall. Assuming, but not deciding, that an air space, or a space, may be read into the claim so as to make it read, "A chimney composed of an outer wall having a number of inwardly projecting steps and of a sectional inner wall which is supported upon said steps, with an air space between the said walls, substantially as specified," the questions are, one, do we find invention in view of the prior art, and, two, in the proofs do we find anticipation. It is said by the complainant that in looking at the prior art we must confine ourselves to chimneys constructed of brick, or stone, or of similar material, and must exclude steel chimneys, even steel chimneys or stacks with brick linings. With this contention this court cannot agree. We will confine ourselves to the art of chimney building or construction. I find nothing in this patent that confines it to chimneys constructed of stone or brick or concrete or other like material. Its chimneys have two walls, and I think a wall may be constructed of blocks, or sections, of iron or steel or similar material. We may have a wooden wall, a brick wall, a stone wall, an iron wall, a steel wall, or a concrete wall. These may be laid in or with or without cement. The walls of a building may be constructed of stone, brick, marble, concrete, steel plates or iron plates, or of wood or of wood plastered with mud or cement. This is equally true of the walls of a chimney. Chimneys should be reasonably fireproof, of course, and, preferably, of a material that will not heat and set on fire combustible material with which they come in contact, or that will not be destroyed by the gases passing through them.

Walls are old, very old. Tall chimneys with walls are very old. Double walls, low or high, are very old. The two may be constructed the one against the other or with a space between, and the idea of an air space between the double walls of a house or chimney or any similar structure is very old. The interior of a chimney, would we have a good draft, should be warm. Therefore keep out frost and moisture. How? By double walls and an air space between such walls. This was common knowledge when America was discovered. All well-informed masons possessed this knowledge long before the application for this patent was filed. But what of the "steps" or projections or ledges on which the sections of the inner wall rest and by which they are supported? He who visits the ruins of ancient cities will see them. He who looks at the pictures of ancient buildings will see them. The old city hall in New York has them supporting columns. If strong enough, these steps, or projections, or ledges, whatever we call

them, will support whatever is built thereon.  In several very old buildings with which I am familiar there are larger or smaller projections or "steps" of stone or brick on which rest columns of stone, or brick, or marble, as the case may be.  Immediately above are other like steps or projections in the main wall supporting in their turn other columns of brick or stone.  It might. be an outer wall in place of a column.  House building and chimney building are analogous arts clearly.  The latter is a necessary part of the former.  It may be that the idea of the construction shown in the patent was new to the mind of the patentee, but it is one that would have occurred to any skilled modern mason, had he desired to construct such a chimney.  The combination in a chimney of this outer wall with those inner walls, the outer wall having steps or projections either built into or forming an integral part thereof, and upon which the inner walls rest, does not disclose invention whether we include or exclude the element of an air space between the outer and inner walls.

But is is said a space is left between each ledge or step and the upper end of each section of inner or lining wall.  Assume this, and that the purpose is to allow for expansion and contraction and prevent the entire wall being thrown out of line, or in case a portion of the inner wall is thrown out of line to enable it to be repaired without disturbing the entire wall.  This court finds nothing new in this or in the combining of this space with the outer wall and inner walls supported as indicated.  But I find no suggestion of such a space between the steps and inner wall either in the claim, the specifications, or the drawings.

Has the defendant maintained the defense of anticipation?  In the supplement of Spons' Dictionary of Engineering, published in 1881, at page 353, we find the following:

"Furnace shafts should be lined with fire brick to the extent of ten feet at the least above the opening from the furnace; the lining should not be tied to or made to support the brick work of the shaft, but be constructed independently of it so that the linings may be cut out, taken away, and replaced without endangering the structure.  Moreover, a space should be left between the two of at least half an inch to permit the lining to expand without disturbing the main exterior walls."

If such a lining wall is made 10 feet high independent of the main wall and rests on the foundation wall, why not have a succession of such lining walls the one above the other, provided we have an independent support for each?  In the McCord patent, "improvement in chimneys," No. 117,555, dated August 1, 1871, we have a main wall of brick or stone and an inner wall of earthen piping in sections, the one placed upon the other with an air space between this outer wall and the inner pipe wall.  "The piping, being loosely placed in the flues, is not affected by the settling or cracking of the chimney.  The air spaces, C, in the corners of the flue [between the outer and inner wall] tend to keep the piping cool and add to the draught of the chimney."  The patent says these sections of piping may be of any desirable size and thickness to suit the different sizes of chimneys and may be of any shape preferred.  Should each of these sections of pip-

ing be supported by a step or projection from the main or outer wall, we would have the patent in suit. In the Clowson patent, "chimney," No. 249,308, dated November 8, 1881, we have an outer casing of metal in sections answering to the outer wall. Where these sections meet there are rings (so-called) serving to connect the sections of sheet metal. The inner sections or lining of the chimney (answering to the inner wall) is constructed of sections of earthenware tubes, the one section above another. These sections have "flanges" or projections which rest upon "lugs." The rings mentioned have flanges which fit into the outer tubes, and they have lugs (those mentioned) upon which rest the flanges of the sections of earthenware tubes. These lugs, supported by the outer metal wall, in turn support the inner lining of the chimney. In short, we have an outer wall of metal with inwardly projecting "lugs," on which rest the outwardly projecting flanges of the inner lining of earthenware tubes, which tubes are supported by the lugs and consequently by the outer metal wall. The whole idea of the patent is here shown. This Clowson patent expressly states:

"The space between the two tubes [metal tube and earthenware tube] may be left open for a circulation of air; or, if preferred, it may be filled with plaster of paris or fire clay."

The patentee says:

"It consists in building a chimney in sections of earthenware tube, which are supported upon a suitable base provided with a slide, through which any accumulations may be removed from time to time, and in combination with such a sectional chimney a series of flanges so constructed as to unite the sections and at the same time provide independent supports for the chimney at intervals."

This Clowson chimney has elements not found in the patent in suit, but it has all of its elements. The form of construction is different, but the ideas of means and of ends to be accomplished are substantially the same.

In a book entitled "Tall Chimney Construction—A Practical Treatise on the Construction of Tall Chimney Shafts, by Robert M. Bancroft and Francis J. Bancroft," found in the library of Columbia University, New York City, and published in 1885 by John Calvert of Manchester, England, at pages 103–106, is found the description of the Yale Lock Company's chimney erected in 1881. The defendant's expert says, speaking of this:

"I therefore find in this book published in 1885 a description of a chimney composed of an outer wall having a number of inwardly projecting steps (i. e., two) and of a sectional inner wall which is supported upon said steps. The lower section of the inner wall or lining is supported upon a step formed in the main stack of the chimney just below where the flue enters the pedestal, and the upper section of inner wall or lining is supported upon another inwardly projecting step similarly formed a short distance above the top of the lower section of lining. It is obvious that, this inner wall being thus subdivided into two independent sections, either of them can be repaired or replaced without affecting the other. Indeed, in the second extract quoted from page 104 this is distinctly stated. I also find an air space provided between the outer step and each section of the lining and full provision made for permitting the expansion and contraction of each section of the lining

without disturbing the other sections and without causing any part of the inner wall or lining to be thrown out of line. This inner wall or lining does not extend to the top of the chimney; but, if it were desired so to extend it, it could be easily done either as a continuous lining or providing further steps for the support of the upper sections, just as is done for supporting the two sections shown and described."

This is quite in accord with the understanding of the court as to the construction of this Yale chimney.

Without going further into the prior art, this court is clearly of the opinion and finds that the defenses of anticipation and want of invention in view of the prior art are clearly made out. Decree accordingly.